UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITES STATES OF AMERICA

       - against -                                   Docket No.  19 Cr. 627 (VM)

DEVONTE PHILLIPS,

                              Defendant.
---------------------------------------------------------------x

## SENTENCING MEMORANDUM
on behalf of Devonte Phillips

LAW OFFICES OF NATALI J.H. TODD, P.C.
26 COURT STREET, SUITE 413
BROOKLYN, NEW YORK 11242
(718) 797-3055
email: *natali_todd@yahoo.com*

Natali J.H. Todd, Esq.
Attorney for Devonte Phillips

**LAW OFFICES OF**
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Devonte Phillips, 19 Cr. 627 (VM)*

Introduction

    This sentencing memorandum is submitted pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure on behalf of Mr. Devonte Phillips who is scheduled to be sentenced on August 19, 2022. Mr. Phillips has accepted responsibility as a member of the conspiracy for a quantity of narcotics that considers the combined participation of every member of the conspiracy in arriving at a combined approximate quantity in the combined use/possession and trafficking of at least 28 grams or more of crack.[1]  As a member of the charged conspiracy, he has pleaded guilty to violating 21 U.S.C. §841(b)(1)(B) but he is Safety Valve eligible pursuant to 18 U.S.C. §3553(f) and thus, the statutory mandatory sentence of 60 months is inapplicable. See ¶P.S.R. 85.

    This Court's "overarching statutory mandate" is to impose the minimum sentence sufficient to serve the purposes of sentencing. *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007); 18 U.S. C. §3553(a). Mr. Phillips guideline range is enhanced 18 to 1 by the unfair disparity between crack and cocaine. However, The Department of Justice ("DOJ") has acknowledged the unfairness of this sentencing scheme, and now fully supports enactment to eliminate this unjust application of the law through legislation (EQUAL ACT), S.79, which would eliminate the powder-to-crack sentencing disparity in 21 U.S.C. §§841 and 960.

    We acknowledge the challenge of this Sentencing Court in finding the right balance in imposing a sentence that is sufficient but not greater than necessary, but it is our considered

---

[1] Mr. Phillips is being held responsible for at least 196 grams but less than 280 grams of crack under the sentencing guidelines as a result of his participation in the charged conspiracy.

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

*U.S. v. Devonte Phillips, 19 Cr. 627 (VM)*

belief that the calculated estimated guideline range is substantially greater than necessary to satisfy the directives of Title 18 U.S.C §3553. The probation department's recommendation gives lip service to the factors as set forth in 18 U.S.C §3553 and to the powerful mitigation that contextualize Mr. Phillips' life history, as well as his unduly harsh incarceration during the covid pandemic and post covid incarceration. In light of Mr. Phillips youth, the enduring harsh conditions at Essex County Jail which were made more difficult by the presence of COVID-19 and the institution's epic failure in managing the spread of the virus, and the never-ending 23-hour and 24-hour lock downs; the frequent 23-24 hour lock downs since his arrival at MDC in May 2022, and no ability to engage in any programs, Mr. Phillips respectfully requests that the Court impose a sentence of time served.

## Procedural History

Mr. Phillips is charged with eight co-conspirators in the instant indictment which charged narcotics trafficking in violation of 21 U.S.C. §846. Upon his arrest on the instant indictment on September 5, 2019, he was granted bail following his arraignment on September 6, 2019. Following violations of his conditions of release, his bail was revoked and he has remained incarcerated since April 5, 2021[2]; first at MCC for a very brief period, then at Essex County Jail in New Jersey, and now at MDC.

Mr. Phillips pleaded guilty on April 20, 2022, to the lesser included offense of Count One in violation of 21 U.S.C. §841(b)(1)(B), and §846, pursuant to a plea agreement. He is Safety

---

[2] Mr. Phillips self surrendered to the United States Marshals at the end of business following his detention hearing on April 5, 2021.

Law Offices Of
**Natali J.H. Todd, P.C.**

---

*U.S. v. Devonte Phillips, 19 Cr. 627 (VM)*

Valve eligible and pursuant to the terms of the plea agreement, either party is permitted to seek a non-guideline sentence based upon factors outlined in 18 U.S.C. §3553(a).

## Devonte Phillips' Personal History and Characteristics

Devonte Phillips was arrested on September 5, 2019; approximately five weeks before his his twenty-first birthday. His immaturity is readily apparent upon meeting with him and engaging him in a focused conversation is a daunting task; requiring much repetitions of simple concepts. Devonte's functioning is well below his age group (see also P.S.R. ¶76) and he could benefit from structured assisted social services and mentorship to help bring stability to his overwhelmed and challenging young life.

Devonte has subsisted well below the poverty line since birth and lived in shelters well past his mother's untimely death but he is full of hope and promise that if given a chance, he can rise above his many life challenges. The many years of living in the shelter has contributed to his difficult life, including having to take multiple buses to get to school and his attendant lateness as a result which directly impacted his educational development and growth. (See P.S.R. ¶54). Devonte is one of four children born to his mother (two paternal sisters and one sister with whom he shares both parents). His father has never been involved in his life and he met his father for the first time at his mother's funeral in 2013. He has not seen him since nor has he spoken to him. His father's absence is not to be understated because Devonte has lacked that fatherly guidance that is so important to every child as they transition from child to adolescent to adult. His mother initially resided in an apartment across the street from the projects; an area that was

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Devonte Phillips, 19 Cr. 627 (VM)*

rife with violence such that Devonte still experiences trauma from all of the violence he witnessed and the bullying he experienced. He has clear memories of specific incidents as a young child and continues to have nightmares about those events.

      Eventually, his family got tired of the maddening violence, and moved out of the area during the mid to late 2000s. Prior to moving, his mother had ceased working due to complications from hand surgery and the family was supported by social services. He recalls that his mother's inability to continue to work in 2008 due to the progression kidney related issues, which contributed to the family's struggle and downward spiral forcing his family to move into the shelter system. See P.S.R. ¶54, ¶60. Devonte was seven years old when his family first moved into the shelter. His family lived in multiple shelters for many years which created a lot of stress for his family but they stayed together and despite his mother's struggles, she fought hard to keep the family together. This stress was amplified by his mother's kidney disease which was diagnosed when Devonte was three years old in 2001, but got worse over time, requiring multiple hospitalizations and leading to her untimely death in 2013 when Devonte was only fourteen years old. While living in the shelter, Devonte had to take multiple buses to get to school which caused him to be late or even if he made it on time, he was often tired. Many times, he simply was not able to get to school. The stress of his young life overwhelmed him and he displayed anger issues in school. Devonte and his sisters remained in the shelter six months after his mother passed because they simply had nowhere to go.

      Ultimately, his older sisters suggested Devonte and his younger sister move to his

**LAW OFFICES OF**
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Devonte Phillips, 19 Cr. 627 (VM)*

maternal grandparents home in Ohio so that everyone could have an opportunity for a fresh start, and it was simply difficult for his older sister to take care of both Devonte and her sister while still living in the shelter. One year living with his grandparents in Ohio, the apartment was burnt down and after living in a hotel for several weeks, they moved into a new apartment. The transition from New York to Ohio was not smooth for Devonte as he continued to be teased and beaten up by bullies, as well as being shot in a cross-fire in 2017. P.S.R. ¶55-56. After about five years in Ohio, he returned to New York in 2018 and lived with various family members at different times up until his arrest and during the time he remained on bail.

    While Mr. Phillips was far from perfect on Pretrial supervision, mainly as a result of failing to maintain his pre-determined schedules by often returning home late, and testing positive for smoking marijuana, he completed high school and earned his High School Diploma on September 26, 2019 from Edward A. Reynolds West Side High School in Manhattan (P.S.R. ¶76). This achievement is a source of pride and accomplishment for Devonte and his sisters. In conversations, Devonte has expressed a desire to attend college. Devonte also completed the Focus Forward program and earned a certificate of completion on December 13, 2019, and previously, he complete a 30-hour OSHA course. P.S.R. ¶77.

<u>Physical/Mental Health</u>

    Because Devonte suffers from chronic asthma throughout his life, his time in jail has been more difficult than others due to the unsanitary conditions and the mandatory 23-24 hour lock downs with no opportunity for fresh air that has caused increased difficulty in breathing and

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Devonte Phillips, 19 Cr. 627 (VM)*

panic attacks. His condition is amplified and made more painful because he suffers from allergic rhinitis as well. The trauma of being a gunshot victim is detailed at P.S.R. ¶66 as well as his history of appendectomy at P.S.R. ¶65.

Conditions of Confinement

Given the multitude of compassionate release cases that have been filed with this district and this Court, the harsh conditions competing with the sick at MCC, Essex County and MDC are no secret. Mr. Phillips stint at MCC was brief before he was transferred to Essex County until May 5, 2022 when he was brought to MDC. To be frank, the conditions at Essex are no different from the conditions at MCC and MDC. He has suffered the same horrific inhumane conditions and 24 hour lock-downs for many months with no exercise, infrequent showers, lack of attorney and family visits, and limited movement within the institution. The ability to do programs were largely suspended at the jails. The circumstance is not much different from being placed in the Special Housing Unit (SHU) which is where inmates are housed for punishment purposes. Despite all of these difficulties, Mr. Phillips has maintained a clear record with no disciplinary infractions. It is easy to say that he is expected to behave but in these challenging times when so many people are locked in small spaces, tempers flare and give way to confrontations. He has done well by staying above the fray. Mr. Phillips has grown to be more patient, thoughtful, and appreciates the loss of his freedom now that he no longer has it. He is making plans for his release and is hoping that this Court will find that the time he has spent in jail under unquestionably and extraordinarily harsh conditions is more than sufficient to punish

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Devonte Phillips, 19 Cr. 627 (VM)*

him for his violation of the law.  The Court is also reminded that Mr. Phillips meets the statutory criteria for Safety Valve eligibility.  This Circuit has recognized that:

> [a]though the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all circumstances.

*United States v. Jones*, 460 F.3d 191, 195 (2d. Cir. 2006).

As the Second Circuit has noted in *U.S. v. Williams*, 65 F.3d 301, 309-310 (2d Cir. 1995) ('we wish to emphasize that the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process ... In areas where the Sentencing Commission has not spoken ... district courts should not hesitate to use their discretion in devising sentences that provide individualized justice").

<u>The Appropriate Sentence</u>

Mr. Phillips' guideline sentence is unfairly enhanced by the disparity between how the Guidelines treat powder cocaine versus crack.  There is no difference between the two except that more black and brown people are arrested for crack and are historically punished more severely. The DOJ believes it is long past time to end the disparity in federal sentencing between offenses involving crack cocaine and those involving powder cocaine.  That disparity has led to very long sentences for crack cocaine offenders and unwarranted racial disparities.  As the DOJ explained, while some forms of drug trafficking may correlate with higher rates of violence, weapon possession, or other aggravating factors, those differences are better addressed through statutes and guidelines that specifically target violence, weapons, and the like, rather than over-inclusive

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

*U.S. v. Devonte Phillips, 19 Cr. 627 (VM)*

quantity-based penalties.  The DOJ further supports applying the EQUAL ACT's amendments to defendants currently serving sentences or to be sentenced, that reflect the current powder-to-crack sentence disparity. The DOJ supports the elimination of the powder-to-crack sentencing disparity.  Accordingly, on a 1:1 ratio, Mr. Phillips offense guideline would be 18, and the adjusted guideline would be 13 (minus 5 points for acceptance of responsibility and having met the criteria U.S.S.G. §5C1.2) which would result in a guideline range of 15-21 months in CHC II. The Court can and should, consider the powder-to-cocaine base disparity in assessing the Section 3553(a) factors.

## Conclusion

It is respectfully requested that the Court take into consideration, the DOJ's support for ending sentencing disparity (the EQUAL ACT) which would reduce Mr. Phillips' stipulated Guidelines range considerably, his Safety Valve eligibility which gives the Court discretion in sentencing, the horrific harsh conditions of confinement he has experienced, his personal history and background, and impose a sentence of time served[3] as such a sentence would be sufficient but not greater than necessary to achieve the statutory goals of punishment, deterrence and rehabilitation.  18 U.S.C. §3553(a).  We note that the Probation Department supports a variance in the ultimate sentence (P.S.R. ¶103) and has noted Mr. Phillip's need for appropriate substance abuse treatment.

---

[3] Mr. Phillips has remained incarcerated since April 5, 2021 following the revocation of his bail.

**LAW OFFICES OF**
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Devonte Phillips, 19 Cr. 627 (VM)*

      Thank you for your attention and consideration to this submission.

Respectfully,

*N. Todd*
Natali Todd, Esq.

cc: Devonte Phillips

Dated:  August 8, 2022
         Brooklyn, NY